## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLANGE CHADDA | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 04-4386 |
| | : | |
| DIANE YOUNG PRODUCTS, INC. | : | |
|     And | : | |
| ALLAN BURCKE | : | |
|     And | : | |
| JEANINE GENDRECHI | : | |
|     And | : | |
| MARIA TUMOLO | : | |
|     And | : | |
| QVC, INC. | : | |

### ANSWER OF DEFENDANTS ALLAN BURCKE, JEANINE GENDRECHI, MARIA TUMOLO AND QVC, INC. TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM AGAINST DIANE YOUNG PRODUCTS, INC.

Defendants, Allan Burcke, Jeanine Gendrechi, Maria Tumolo, and QVC, Inc., by and through their attorneys, the Law Offices of Donald F. Borrell, answers the Complaint of the Plaintiff and states:

Denied as to all allegations in Plaintiff's Complaint. Due to the manner in which Pro Se Plaintiff has drafted the document that has been interpreted as an Amended Complaint in the matter, these Answering Defendants cannot respond to individually numbered allegations and therefore deny any and all allegations directed to these Answering Defendants and request proof of the matters asserted at trial.

WHEREFORE, these Answering Defendants deny that they are liable to the Plaintiff, either solely and/or jointly and severally, and demand judgment in their favor, together with all recoverable fees, costs and expenses.

### AFFIRMATIVE DEFENSES

Defendants Allan Burcke, Jeanine Gendrechi, Maria Tumolo and QVC, Inc., by and through their attorneys, the Law Offices of Donald F. Borrell, assert the following

*Affirmative Defenses against the Plaintiff and states:*

## FIRST AFFIRMATIVE DEFENSE

*Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Answering Defendant.*

## SECOND AFFIRMATIVE DEFENSE

*The claims for relief as set forth in Plaintiff's Complaint are barred and/or limited by the doctrine of contributory negligence in that the accident was caused in whole or in part by the negligence of Plaintiff as set forth hereafter.*

## THIRD AFFIRMATIVE DEFENSE

*The claims for relief as set forth in Plaintiff's Complaint are barred and/or limited by the Comparative Negligence Act, 42 Pa. C.S.A. Section 7102 in that the negligence of Plaintiff contributed to causing the accident as set forth hereafter.*

## FOURTH AFFIRMATIVE DEFENSE

*Plaintiff's claims are barred by the assumption of risk doctrine as Answering Defendant owed no duty to Plaintiff because Plaintiff knew the risk of being injured and consciously chose to encounter that risk; for that reason, Answering Defendant owed no duty to the Plaintiff under the circumstances.*

## FIFTH AFFIRMATIVE DEFENSE

*This Answering Defendant had no notice of any hazard or condition of any product at issue in this matter that constituted a danger or hazard to Plaintiff or any other person.*

## SIXTH AFFIRMATIVE DEFENSE

*No act, action, or omission on the part of this Answering Defendant was the proximate cause of Plaintiff's alleged injuries or damages.*

## SEVENTH AFFIRMATIVE DEFENSE

*If Plaintiff's accident occurred, as alleged, which is specifically denied, it was caused by third parties over whom this Answering Defendant had no control or duty to*

control.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff's accident occurred, as alleged, which is specifically denied, it was caused by the intervening superseding acts/omissions of third parties over whom this Answering Defendant had no control or duty to control.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the applicable Statutes of Limitation.

## TENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the doctrines of collateral estoppel, release and/or accord and satisfaction.

WHEREFORE, Defendants Allan Burcke, Jeanine Gendrechi, Maria Tumolo and QVC, Inc., requests that judgment be entered in their favor and against plaintiff along with all recoverable fees, costs and expenses.

## CROSSCLAIMS AGAINST DEFENDANT DIANE YOUNG PRODUCTS, INC.

Defendants Allan Burcke, Jeanine Gendrechi, Maria Tumolo and QVC, Inc., by and through their attorneys, the Law Offices of Donald F. Borrell, assert the following New Matter Cross Claim against Defendant Diane Young Products, Inc. and state;

1. This Answering Defendant incorporates all of its answers to Plaintiff's Complaint as if set forth fully at length.

2. If the allegations in Plaintiff's Complaint are established and proven at trial, said allegations being specifically denied by this Answering Defendant, and that any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the fault, negligence and/or carelessness and/or breach of contract of Defendant Diane

*Young Products, Inc., and without any fault or negligence of this Answering Defendant and, therefore, Plaintiff should recover such damages directly from Defendant Diane Young Products, Inc.*

3. *If it is determined that these Answering Defendants are liable to Plaintiff for damages as alleged in Plaintiff's Complaint, all such liability being specifically denied, then this liability was caused in whole or in part by the fault, negligence or carelessness and/or breach of contract of Defendant Diane Young Products, Inc.*

4. *As a result of the foregoing and/or contractual indemnification provisions, Defendants Allan Burcke, Jeanine Gendrechi, Maria Tumolo and QVC, Inc. John J. Bee, Inc., are entitled to recovery from and against Defendant Diane Young Products, Inc., by way of indemnification and/or contribution, and as damages for breach of contract, for all sums as may be adjudicated and/or awarded against the Answering Defendants, as well as counsel fees and expenses.*

*WHEREFORE, Defendants Allan Burcke, Jeanine Gendrechi, Maria Tumolo and QVC, Inc., deny that they are liable to the Plaintiff either solely and/or jointly or severally, and additionally asserts that Defendant Diane Young Products, Inc. is liable over to these Answering Defendants for contribution and/or indemnity, together with all recoverable fees, costs and expenses.*

*LAW OFFICES OF*
*DONALD F. BORRELL*

BY: _____
*GEORGE T. McCOOL, JR., ESQUIRE*
*Attorney for Defendants Allan Burcke,*
*Jeanine Gendrechi, Maria Tumolo and*
*QVC, Inc.*
*Law Offices of Donald F. Borrell*
*Four Sentry Parkway, Suite 100*
*Blue Bell, PA  19422*
*Telephone: (484) 530-3672*
*Facsimile: (484) 530-3682*
*E-mail: Geoge_McCool@PMAGroup.com*

## *CERTIFICATE OF SERVICE*

I, George T. McCool, Jr., Esquire, attorney for Defendants Allan Burcke, Jeanine Gendrechi, Maria Tumolo and QVC, Inc., hereby certifies that he caused a copy of the within document to be served upon the parties named below by United States, first-class mail, postage prepaid.

Howard Wishnoff, Esquire
Donna Adelsberger & Assoc., P.C.
6 Royal Avenue
P.O. Box 530
Glenside, PA  19038-0530

Solange Chadda
408 South 47th Street
Philadelphia, PA  19143

The Honorable Michael M. Baylson
Room 3810, United States Courthouse
601 Market Street
Philadelphia, PA  19106

                                      LAW OFFICES DONALD F. BORRELL

BY: _____
      GEORGE T. McCOOL, JR., ESQUIRE
      *Attorney for Defendant*

DATE:_____

Filename: Answer102104.doc
Directory: \\lbfs2k01\Shared\COMMON\George\Chadda
Template: C:\Documents and Settings\admin\Application Data\Microsoft\Templates\Normal.dot
Title: IN THE UNITED STATES DISTRICT COURT
Subject:
Author: George McCool
Keywords:
Comments:
Creation Date: 10/21/2004 4:21 PM
Change Number: 7
Last Saved On: 10/22/2004 4:01 PM
Last Saved By: George McCool
Total Editing Time: 60 Minutes
Last Printed On: 10/22/2004 4:04 PM
As of Last Complete Printing
    Number of Pages: 5
    Number of Words: 1,098 (approx.)
    Number of Characters: 6,265 (approx.)